UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTEROCEAN COAL SALES, LDC,<br><br>Plaintiff,<br><br>v.<br><br>EVONIK TRADING GmbH, an alien corporation, EVONIK DEGUSSA CORPORATION, an Alabama corporation, EVONIK INDUSTRIES, AG, an alien corporation, and EVONIK STEAG GmbH, an alien corporation,<br><br>Defendants. | Civil Action No. 11cv0940 (NRB)<br><br><br><br>Oral Argument Requested |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EVONIK DEGUSSA CORPORATION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

*Of Counsel:*
Patrick J. Hughes, Esq.

*On the Brief:*
Patrick J. Hughes, Esq.
Susan Kwiatkowski, Esq.

Connell Foley LLP
Attorneys for *Defendant*
*Evonik Degussa Corporation*
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
-and-
Connell Foley LLP
888 Seventh Avenue
New York, New York 10106
(212) 262-2390

2505242-01

## TABLE OF CONTENTS

                                                                                                        PAGE

PRELIMINARY STATEMENT ..................................................................................................1

PARTIES AND NATURE OF THE CLAIMS ASSERTED ......................................................1

LEGAL ARGUMENT ..................................................................................................................3

    POINT I
    EACH OF THE CLAIMS ASSERTED AGAINST EVONIK DEGUSSA IS
    LEGALLY INSUFFICIENT. ...............................................................................................3

        A.   The Complaint Fails to Plead a Legally Cognizable Cause of Action for
            Breach of Contract Against Evonik Degussa. ..........................................................4

        B.   The Complaint Fails to Plead a Legally Cognizable Cause of Action for
            Breach of Guaranty Against Evonik Degussa. .........................................................6

        C.   The Complaint Fails to Plead a Legally Cognizable Cause of Action for
            Account Stated Against Evonik Degussa. ................................................................6

CONCLUSION ..............................................................................................................................8

# TABLE OF AUTHORITIES

*Cases*

*Air Atlanta Aero Engineering Limited v. Aircraft Owner I, LLC*, 637 F. Supp.2d 185 (S.D.N.Y. 2009) ........................................................................... 7

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 L. Ed.2d 868 (2009) ............................. 3

*Bank Itec N.V. v. J. Henry Schroder Bank & Trust Co.*, 612 F. Supp. 134 (S.D.N.Y. 1985) ........................................................................................................ 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................ 3

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104 (2d Cir. 2010) ............................................ 3

*Fru-Con Construction Corp. v. Sacramento Municipal Utility District*, 2007 U.S. Dist. LEXIS 64017 (E.D.Ca. August 17, 2007) ............................................. 5

*Halebian v. Berv*, 590 F.3d 195 (2d Cir. 2009) .............................................................. 3, 4

*IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F.Supp. 2d 395 (S.D.N.Y. 2009) .................................................................................................. 7

*Interman Indus. Prods. Ltd. v. R.S.M. Electron Power, Inc.*, 37 N.Y.2d 151 N.E.2d 859 N.Y.S.2d 675 (1975 ................................................................. 7

*Kaplan v. Aspen Knolls Corp.*, 290 F. Supp.2d 335 (E.D.N.Y. 2003) .................................... 5

*Lankler Siffert & Wohl, LLP v. Rossi*, 287 F.Supp.2d 398 (S.D.N.Y. 2003 ........................... 7

*LeBoeuf, Lamb, Greene & Macrae, LLP v. Worsham*, 185 F.3d 61 (2d Cir. 1999) .................................................................................................................... 7

*National Economic Research Associates, Inc. v. Purolite "C" Corp.*, 2011 U.S. Dist. LEXIS 24458 (S.D.N.Y. March 11, 2011) ............................................. 6

*Pace v. General Electric Co.*, 2000 U.S. Dist. LEXIS 21261 (W.D.N.C. April 25, 2000) .................................................................................................. 5

*Peter L. Leepson, P.C. v. The Allan Riley Company, Inc.*, 2006 U.S. Dist. LEXIS 52875 (S.D.N.Y. July 31, 2006) ............................................................ 5

*Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522 (2d Cir. 1994) ..................................... 4

*Starr v. Sony BMG Music Entertainment*, 592 F.3d 314 (2d Cir. 2010), cert. denied, 131 S. Ct. 901 (U.S. 2011) ................................................................... 4

2505242-01

*Valley Cadillac Corp. v. Dick*, 238 A.D.2d 894 N.Y.S.2d 105 (N.Y. App. Div, 4th Dept. 1997)...........................................................................................5

**Statutes**

New York General Obligations Law § 5-701(a)(2)..........................................................6

**Rules**

Rule 12(b)(6) ...................................................................................................................3

## PRELIMINARY STATEMENT

Defendant, Evonik Degussa Corporation ("Evonik Degussa"), hereby submits this memorandum in support of its motion to dismiss each of the causes of action of the Complaint which are asserted against Evonik Degussa. This motion is not intended to address the sufficiency of any of the causes of action asserted against the other named defendants, Evonik Trading GmbH, Evonik Steag GmbH, and Evonik Industries AG.

Set forth below are the reasons why the causes of action - the First Cause of Action (Breach of Contract), the Second Cause of Action (Breach of Guaranty) and Third Cause of Action (Account Stated) - are legally insufficient and fail to state claims for which relief can be granted against Evonik Degussa.

## PARTIES AND NATURE OF THE CLAIMS ASSERTED

This action arises out of a contract for shipments of steam coal (the "Contract") between Plaintiff Interocean Coal Sales, Inc. ("Interocean") and Evonik Trading GmbH ("Evonik Trading"). (Complaint ¶¶ 1, 19). Interocean has brought this suit seeking payment of $2,479,271.98 which it contends is due and owing under the Contract with Evonik Trading. (Complaint ¶ 3).

The Complaint also alleges that the Contract required Evonik Trading to provide Interocean with payment assurance in the form of a certain "Letter of Awareness" ("LOA"). (Complaint ¶ 11). Specifically, Interocean alleges that "Evonik Industries and Evonik Steag furnished the LOA to Interocean on February 17, 2010" and that "[t]he LOA represented that Evonik Industiries and Evonik Steag had entered into "domination and profit and loss pooling agreements" among themselves and with Evonik Trading." (Complaint ¶ 12). According to Interocean, "[t]he Agreements require Evonik Industries AG to unconditionally guarantee the

1

2505242-01

financial obligations of Evonik Trading pursuant to Section 303 (1) German Stock Corporation Act." (Complaint ¶ 13).

Evonik Degussa is an Alabama Corporation which does business in New York and New Jersey. (Complaint ¶ 6). The only reference to Evonik Degussa in the Complaint arises out of an August 4, 2010 letter that bore the logo of "Evonik Industries" and was authored by the General Counsel of Evonik Degussa. (Complaint ¶ 28). This letter provided notice that steam coal delivered by Interocean to Evonik Trading deviated from the quality parameters set forth in the Contract between Interocean and Evonik Trading, and requested that Interocean enter good faith negotiations with "Evonik Trading representatives". (August 4, 2010 letter attached as Exhibit A to the Declaration of Patrick J. Hughes). Thereafter, representatives for Interocean and Evonik Trading met to discuss issues regarding the delivered steam coal. (Complaint ¶ 31). The Complaint makes no other allegations regarding Evonik Degussa.

The Complaint does not allege that Evonik Degussa was a party to the Contract between Interocean and Evonik Trading. (Complaint ¶¶ 1, 19). Further, the Complaint does not allege that Evonik Degussa guaranteed the payment obligations of Evonik Trading under its Contract with Interocean. (Complaint ¶¶ 11, 13). The claims in the Complaint, even when liberally construed, fail to state any cause of action against Evonik Degussa for, among other things, the following reasons:

- o First Cause of Action (Breach of Contract): This claim must be dismissed because plaintiff has failed to specifically plead the requisite elements of a breach of contract claim against Evonik Degussa;

2

2505242-01

- Second Cause of Action (Breach of Guaranty): This claim must be dismissed against Evonik Degussa because the Complaint makes no allegations that Evonik Degussa guaranteed Evonik Trading's payment obligations under the Contract;

- Third Cause of Action (Account Stated): This claim must be dismissed because it fails to plead the requisite elements for an account stated claim against Evonik Degussa. Further, this cause of action is not viable in the absence of a legally cognizable underlying claim against Evonik Degussa.

## LEGAL ARGUMENT

### POINT I

### EACH OF THE CLAIMS ASSERTED AGAINST EVONIK DEGUSSA IS LEGALLY INSUFFICIENT.

In accordance with the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), this Court must apply a "plausibility standard" to evaluate whether dismissal of Interocean's claims against Evonik Degussa is appropriate under Rule 12(b)(6). *See Halebian v. Berv*, 590 F.3d 195, 203 (2d Cir. 2009). That standard is guided by "[t]wo working principles." *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009). First, a court must accept as true all factual allegations contained in the complaint, but need not accept legal conclusions. *See Halbein*, 590 F.3d at 203 (analyzing *Iqbal*). Second, a complaint must state a plausible claim for relief. *Id.*

In order for a complaint to state a plausible claim for relief, it need not have "detailed factual allegations" but must have "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Iqbal*). The factual allegations in a complaint must be specific enough to raise a right to relief

3

2505242-01

above the speculative level, on the assumption that all of the allegations in the complaint are true. *See Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 901 (U.S. 2011) (quoting *Twombly*). In the words of the Supreme Court's most recent iteration of this standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *See Starr*, 592 F.3d at 321 (quoting *Iqbal*). "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,' ... dismissal is appropriate." *See id.*; *see also, Halbein*, 590 F.3d at 203 ("For this reason, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to insulate a claim from dismissal.").

Here, Evonik Degussa's motion should be granted because the Complaint does not satisfy basic pleading requirements in order to state a claim against Evonik Degusssa.

A.   **The Complaint Fails to Plead a Legally Cognizable Cause of Action for Breach of Contract Against Evonik Degussa.**

In order to state a claim for breach of contract, the following four elements must be alleged in a complaint: (1) the existence of a contract; (2) performance by one party; (3) breach of the contract by the other party; and (4) resulting damages. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994); *Bank Itec N.V. v. J. Henry Schroder Bank & Trust Co.*, 612 F. Supp. 134, 138 (S.D.N.Y. 1985).[1] In addition, the breach of contract allegations in the complaint must include "the provisions of the contract upon which the claim is based." *See Peter L. Leepson, P.C. v. The Allan Riley Company, Inc.*, 2006 U.S. Dist. LEXIS 52875, at *8

---

[1] Evonik Degussa recognizes that plaintiff asserts that the United Nations Convention on Contracts for the International Sale of Goods, as a part of New York law, is applicable to the contract dispute at issue. However, the Convention does not apply here because Interocean and Evonik Degussa did not enter, and there is no allegation that they entered, a contract for the international sale of goods.

4

(S.D.N.Y. July 31, 2006) (citing to *Valley Cadillac Corp. v. Dick*, 238 A.D.2d 894, 661 N.Y.S.2d 105, 106 (N.Y. App. Div. 4th Dept. 1997)). Thus, "'at a minimum, the terms of the contract, each element of the alleged breach and the resultant damages,' must be alleged." *See Leepson*, 2006 U.S. Dist. LEXIS 52875 at *8 (quoting *Kaplan v. Aspen Knolls Corp.*, 290 F. Supp.2d 335, 337 (E.D.N.Y. 2003)).

Here, Interocean has alleged no facts that support a breach of contract theory of liability against Evonik Degussa. The Complaint specifically alleges that the only parties to the Contract were Interocean and Evonik Trading. (Complaint ¶¶ 1, 19). Plaintiff's Complaint contains no allegation that Evonik Degussa was a party to the Contract. Towards this end, none of the terms of any purported contract between Evonik Degussa and Interocean are alleged; the alleged responsibilities of Evonik Degussa under such purported contract are not stated; and the terms of the contract which Evonik Degussa is alleged to have breached have not been revealed.

The mere fact that Evonik Degussa's general counsel sent Interocean a letter, providing notice that steam coal delivered by Interocean deviated from the quality parameters set forth in the Contract between Interocean and Evonik Trading and requesting that those contracting parties meet in good faith, is not a sufficient basis for imputing the alleged liability of Evonik Trading to Evonik Degussa. *See Fru-Con Construction Corp. v. Sacramento Municipal Utility District*, 2007 U.S. Dist. LEXIS 64017, at *23-24 (E.D.Ca. August 17, 2007) (finding an insufficient basis for imposing alter ego liability where general counsel was officer of parent and subsidiary corporations and provided legal services to both); *Pace v. General Electric Co.*, 2000 U.S. Dist. LEXIS 21261, at *3-4 (W.D.N.C. April 25, 2000) (same).

Interocean's cause of action for breach of contract against Evonik Degussa should be dismissed.

**B.  The Complaint Fails to Plead a Legally Cognizable Cause of Action for Breach of Guaranty Against Evonik Degussa.**

The deficiencies in Interocean's cause of action against Evonik Degussa for breach of guarantee are blatant. This claim is premised on Interocean's allegation that the Contract required Evonik Trading to provide Interocean with payment assurance in the form of a Letter of Awareness. (Complaint ¶ 11). The Complaint does not allege that Evonik Degussa was a party to the Letter of Awareness or that it had any involvement in the preparation of the Letter of Awareness. Further, no alleged responsibilities of Evonik Degussa under any Letter of Awareness are stated.

Simply put, the Complaint contains no allegation that Evonik Degussa furnished any sort of "guaranty" of Evonik Trading's obligations under the Contract with Interocean. In addition, Interocean's cause of action for breach of guaranty fails because, under New York General Obligations Law § 5-701(a)(2), a guaranty is unenforceable unless it is in "writing" and "subscribed by the party to be changed therewith." Accordingly, there can be no cause of action against Evonik Degussa based on an alleged breach of guaranty.

**C.  The Complaint Fails to Plead a Legally Cognizable Cause of Action for Account Stated Against Evonik Degussa.**

Under Federal and New York law, an account stated refers to a promise by a debtor to pay a stated sum of the money which the parties had agreed upon as the amount due. *See National Economic Research Associates, Inc. v. Purolite "C" Corp.*, 2011 U.S. Dist. LEXIS 24458, at *6 (S.D.N.Y. March 11, 2011); *Lankler Siffert & Wohl, LLP v. Rossi*, 287 F.Supp.2d

398, 407 (S.D.N.Y. 2003). "The 'meaning of an account stated is that the parties have come together and agreed upon the balance of indebtedness, *insimul computassent*, so that an action to recover the balance as upon an implied promise of payment may thenceforth be maintained.'" *See NERA*, 2011 U.S. Dist. LEXIS 22458 at *6 (quoting *Interman Indus. Prods, Ltd. v. R.S.M. Electron Power, Inc.*, 37 N.Y.2d 151, 153-54, 332 N.E.2d 859, 371 N.Y.S.2d 675 (1975)).

An account stated claim requires an agreement between the parties to an account based on prior transactions between them. *See LeBoeuf, Lamb, Greene & Macrae, LLP v. Worsham*, 185 F.3d 61, 64 (2d Cir. 1999). In order to state a claim for an account stated, the plaintiff must plead: (1) an account was presented; (2) it was accepted as correct; and (3) the debtor promised to pay the amount stated. *See NERA*, 2011 U.S. Dist. LEXIS 22458 at *7; *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F.Supp. 2d 395, 411 (S.D.N.Y. 2009). Notwithstanding this, the Complaint makes no allegation that an account was presented to Evonik Degussa, and that Evonik Degussa accepted it as correct and promised to pay the amount stated.

In addition to these pleading defects, the cause of action for account stated against Evonik Degussa fails because Interocean has not stated legally cognizable causes of action against Evonik Degussa for breach of contract or breach of guaranty. *See Air Atlanta Aero Engineering Limited v. Aircraft Owner I, LLC*, 637 F. Supp.2d 185, 197 (S.D.N.Y. 2009) ("In the absence of a claim establishing underlying liability, the account stated claim [is] not viable."); Accordingly, Interocean's account stated claim against Evonik Degussa should be dismissed.

7

2505242-01

## CONCLUSION

The Complaint alleges no facts that would give rise to a plausible claim against Evonik Degussa Corporation. Accordingly, Evonik Degussa Corporation respectfully requests that the Court grant its Rule 12(b)(6) Motion to Dismiss.

CONNELL FOLEY LLP
*Attorneys for Defendant*
*Evonik Degussa Corporation*

BY: */s/ Patrick J. Hughes*
Patrick J. Hughes

DATE: March 28, 2011

8

2505242-01