Case 1:11-cv-00940-NRB   Document 46   Filed 09/01/11   Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
INTEROCEAN COAL SALES, LDC,

                Plaintiff,

-against-                                                                         11 Civ. 0940 (NRB)

EVONIK TRADING GmbH, an alien corporation,
EVONIK DEGUSSA CORPORATION, an Alabama
corporation, EVONIK INDUSTRIES, AG, an alien
corporation, and EVONIK STEAG GmbH, an alien
corporation.

                Defendants.
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/8/11

## JOINT RULE 26(f) REPORT

**I.   Introduction**

The remaining parties to this action, Plaintiff Interocean Coal Sales, LDC ("Plaintiff") and Defendants Evonik Trading GmbH ("Evonik Trading") and Evonik Steag GmbH (collectively, "Defendants"), jointly submit this proposed discovery plan pursuant to Federal Rule of Civil Procedure 26(f)(3) in preparation for the initial scheduling conference on September 8, 2011. In accordance with Rule 26(f), the parties met and conferred by telephone on August 24, 2011. The parties' agreements are set forth below.

**II.   Discovery Plan Under Rule 26(f)(3)**

    **A.   Initial disclosures under Rule 26(a)(1):** No changes should be made in the form of the initial disclosures required under Rule 26(a)(1), and the parties shall serve their respective initial disclosures by **September 23, 2011**.

B.   **Subjects and timing of discovery:**

   1.   Plaintiff states that at this time, it is aware of the need for discovery on the following subjects:

   - The allegations in Plaintiff's Complaint, including that Evonik Trading breached its coal-sales contract with Interocean by withholding $2,479,271.98 from payment due Interocean for the November 2010 cargo.

   - The decision by Evonik Trading to withhold $2,479,271.98 from its payment on Interocean's November 2010 cargo.

   - The parties' negotiations concerning the terms of the coal-sales agreement.

   - The allegations contained in Defendants' first, second and third affirmative defenses, namely that Plaintiff's Complaint fails to state a claim, that Plaintiff's claims are barred by its alleged failure to fulfill its contractual obligations to Evonik Trading, and that Plaintiff's claims are barred by the doctrine of unclean hands.

   2.   Defendants state that at this time, they are aware of the need for discovery on the following subjects:

   - The allegation in Plaintiff's Complaint that Evonik Trading breached its coal-sales contract with Interocean by deducting $2,479,271.98 from its payment for the November 2010 shipment based on the costs of curing the June 2010 alleged non-conforming sulfur content of the cargo.

   - Plaintiff's knowledge of the negotiations concerning the terms of the coal-sales agreement with Evonik Trading.

   - Plaintiff's knowledge of Evonik Trading's minimum sulfur requirement for coal to be used in its power stations.

   - The typical sulfur content of Drummond Colombian coal sold by Plaintiff.

   3.   All fact discovery should be completed no later than **June 25, 2012.**

   4.   With respect to the timing and sequence of fact discovery, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure

and the Local Rules of the Southern District of New York except as expressly modified in this discovery plan.

5. Any party intending to produce an expert witness as to any issue on which the producing party bears the burden of proof shall produce an expert report within **30 days** after the close of fact discovery. Such expert report(s) shall be made in accordance with Rule 26(a)(2)(b). Within **30 days** following the close of the period for submitting expert reports, each party shall identify any rebuttal experts upon whose testimony it intends to rely and produce an expert report for each identified rebuttal expert in accordance with Rule 26(a)(2)(b). Within **30 days** after the expiration of the rebuttal period, the expert witnesses identified will be made available for deposition. To the extent one or more parties deem it necessary to name a surrebuttal expert, the parties will work together in good faith to agree upon a time frame to disclose and depose such expert(s).

The parties agree that drafts of expert reports and communications with experts will not be produced or discoverable.

C. **Electronically stored information:** The parties have discussed that each side will seek discovery of all emails and electronically stored information concerning any claims or defenses in the action, in their original form with metadata intact in accordance with **Exhibit A** hereto. Defendants have informed Plaintiff that personal data belonging to Defendants' employees in Germany may be subject to the German Data Protection Act (the "GDPA"). To the extent the GDPA imposes limitations on producing personal data, the parties will meet and confer in good faith regarding the scope and methods of production. If any party discovers that it is unable to produce certain

Case 1:11-cv-00940-NRB   Document 46   Filed 09/01/11   Page 4 of 7

documents in the format agreed upon herein, the parties will work together in good faith to resolve the issue and agree upon an alternative method of production. In addition, the parties agree to negotiate in good faith a list of search terms and custodians for purposes of conducting discovery of electronically stored information.

The parties agree that hardcopy documents and electronic documents produced in this action will be delivered either in hard copy format or as single-page Tagged Image File Format ("TIFF") images with accompanying load files for Summation (.DII file) and Concordance (.DAT file and .LFP file). All hardcopy documents and electronic documents produced in TIFF format will be rendered into that format using the following general settings: (1) documents will be converted to TIFF either in black-and-white or color, depending on the color of the original file; (2) hardcopy documents will be generally scanned to TIFF using default "wysiwyg" (what you see is what you get) settings from the original files.

If requested, each party will provide, to the extent available, spreadsheets (including, but not limited to, Microsoft Excel, Lotus 1-2-3, and QuatroPro) in native format. Additionally, the Parties will produce electronic files in native format to the extent the TIFF image is illegible or unusable due to multimedia such as video and audio, animation, coloring, hidden text or other attributes.

The parties further agree that electronic email files will be produced as they are kept in the ordinary course of business by the producing party.

D.   **Claim of privilege or of protection as attorney work product:** With respect to privileged information and trial-preparation materials, the parties shall comply with Local Rule 26.2, except that for objections raised in written responses to requests for

Case 1:11-cv-00940-NRB   Document 46   Filed 09/01/11   Page 5 of 7

production of documents under Rule 34, identifying information required under Local Rule 26.2(a)(2) may be provided at the time when responsive documents are produced.

**E.     Protection of proprietary and confidential information:** The parties agree that the entry of a protective order will be necessary in this action to protect the proprietary and confidential information of the parties. Defendants have submitted a proposed stipulated protective order to Plaintiff and the parties agree to negotiate the final terms of the protective order in good faith. To the extent agreement can be reached, the parties will submit a proposed order for the consideration of the Court in short order. If the parties cannot agree on such an order, they will submit their respective proposals to the Court.

**F.     Limitations on discovery:** Each side shall be limited to a total of 25 interrogatories, and depositions shall be limited to 7 per side including party and non-party witnesses, but not including expert witnesses. Each side shall be limited to one deposition of each expert named by the other side.

**G.     Additional orders under Rules 26(c) or Rule 16(b) and (c):**

  1.     The parties do not consent to conducting proceedings before a Magistrate Judge other than discovery related motions.

  2.     Dispositive motions must be served no later than **30 days** after completion of expert discovery.

  3.     The parties anticipate that they will be prepared for trial **60 days** after the Court rules on dispositive motions filed subsequent to the close of discovery. The parties believe that the trial of this matter can be completed in **four days**.

4.    The proposed final pre-trial order shall be filed in accordance with this Court's Individual Rules of Practice.

## III.    Possibility of Prompt Settlement

The parties conferred in good faith concerning the possibilities for promptly settling or resolving this case, and agree that settlement as to Plaintiff's remaining claims against Defendants is unlikely at this stage in the litigation. The parties agree to discuss the use alternative dispute resolution to facilitate resolution of this case after discovery. If the Court orders mediation of this case, the parties request that they be permitted the opportunity to select a private mediator.

Respectfully submitted this 1st day of September, 2011.

| BAILEY & GLASSER, LLP | ALSTON & BIRD LLP |
|---|---|
| By: /s/ Jeffrey R. Baron<br>    Scott C. Helmholz<br>    Jeffrey R. Baron<br>Old North Old State Capitol Plaza, Suite 560<br>Springfield, Illinois 62701<br>Phone: (217) 528-1177<br>E-mail: shelmholz@baileyglasser.com<br>E-mail: jbaron@baileyglasser.com<br><br>--and--<br><br>DUANE MORRIS, LLP<br>John Dellaportas<br>1540 Broadway<br>New York, New York 10036<br>Phone: (212) 692-1012<br>Email: Dellajo@duanemorris.com<br><br>*Attorneys for Plaintiff Interocean Coal Sales, LDC* | By: /s/ Mark Vasco<br>    Mark Vasco<br>101 S. Tryon St., Suite 400<br>Charlotte, North Carolina 28280<br>Phone: (704) 444-1000<br>Email: mark.vasco@alston.com<br><br>--and--<br><br>Alexander S. Lorenzo<br>90 Park Avenue<br>New York, New York 10016<br>Phone: (212) 210-9400<br>Email: alexander.lorenzo@alston.com<br><br>*Attorneys for Defendants Evonik Trading GmbH and Evonik Steag GmbH* |

*So Ordered*

[signature]
USDJ
September 8, 2011

# **EXHIBIT A**

For all documents and information produced as TIFF images, the following metadata fields shall be produced in a load file:

| Field Name | Description |
|---|---|
| BEGDOC | The document ID number associated with the first page of a document |
| ENDDOC | The document ID number associated with the last page of a document |
| PGCOUNT | The number of pages contained in a document |
| SENTDATE | The date and time the email was sent (for .PST files only) |
| LASTMODDATE | The date and time the document was last modified (for files other than .PST) |
| BEGATTACH | The document ID number associated with the first page of the parent document |
| ENDATTACH | The document ID number associated with the last page of the last attachment |
| ATTCHIDS (for Summation) | The Document ID Numbers of the attached (child) documents. |
| PARENTID (for Summation) | The DOCID for the parent e-mail or document that has an attachment associated with it. |