BUTHWACK'S

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
INTEROCEAN COAL SALES, LDC,

          Plaintiff,

  -against-                                                                  11 Civ. 0940 (NRB)

EVONIK TRADING GMBH and
EVONIK STEAG GMBH,

          Defendants.
------------------------------------------------------------ X

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Interocean Coal Sales, LDC ("Plaintiff"), on the one hand, and Defendants Evonik Trading, GmbH, ("Evonik Trading") and Evonik Steag GmbH n/k/a STEAG GmbH ("Steag") (collectively "Defendants"), on the other hand, hereby stipulate and agree to the following terms for the purposes of facilitating discovery—particularly the exchange of documents, electronic data, things, information, testimony, and/or other evidence that the parties may consider to be confidential business information or that fall within the scope of the German Data Protection Act ("BDSG") or the German Telecommunications Act ("TKG").

IT IS HEREBY ORDERED:

    1.    Subject to the terms of this Stipulated Protective Order, the parties or a non-party may in good faith designate documents, information, and things as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," depending on the sensitivity of the document or thing.  Documents and things may be designated as "CONFIDENTIAL" to the extent a party or non-party in good faith considers such documents or things to contain confidential and/or proprietary information not otherwise known or available to the public.

Documents and things may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the extent a party or non-party in good faith considers such documents or things to contain information that would disclose: (a) proprietary information relevant to the respective parties' commercialized business activities or research and development efforts; (b) methods and costs of production; (c) production yield data; (d) sales by customer; (e) customer lists or contact information; (f) strategic business plans (including financial and market analyses, forecasts, budgets, and proprietary information regarding marketing strategies and efforts); (g) non-commercialized product composition or design; (h) profit information; (i) trade secrets within the meaning of the New York Trade Secrets Protection Act and/or the Uniform Trade Secrets Act; (j) other information the disclosure of which to a receiving party may threaten competitive harm to the producing party (including, but not limited to, proprietary software, screenshots of software, or the like); or (k) information covered under the BDSG or TKG, including (1) any information concerning the personal or material circumstances of an identified or identifiable person ("personal data" as defined by the BDSG) or (2) personal or private data transmitted by employees or other users of telecommunications services provided by a party.

    2.    Regardless of the level of confidentiality given to documents or things produced by any third party, the parties agree to treat all such materials as if they were designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of ten (10) business days from the date of production by the third party. Thereafter, the documents and things produced by the third party shall be treated according to the level of confidentiality, if any, given to them by the third party or as the parties may otherwise mutually agree.

    3.    With respect to all documents and things produced by a party or non-party to this action for inspection and copying that are designated as "CONFIDENTIAL" by the producing

party, the documents and things, and the information contained therein, *shall be received and used only for purposes related to this action unless the producing party expressly consents in writing to another use.* Such documents and things, and the information contained therein, may not be used in, or to form the basis for, any other litigation or administrative proceeding and may not be used for promotional, competitive (including, but not limited to, product development and enhancement), or any other purposes. Information, documents, or things designated "CONFIDENTIAL" may be disclosed by the recipient thereof only to: (a) Outside Litigation Counsel, and their authorized secretarial, clerical, and legal-assistant staff; (b) no more than ten (10) officers, directors, members, managers, and/or employees (including in-house counsel) of the parties and/or the parties' parents, subsidiaries and affiliates ("Party Representatives") to whom Outside Litigation Counsel believe in good faith disclosure is reasonably necessary for the prosecution or defense of this litigation; (c) outside consultants and experts (including their staff), subject to the provisions of paragraph 7; (d) the Court and Court personnel, subject to paragraph 8; (e) court reporters employed in connection with this litigation; and (f) outside copying and computer services necessary for document handling and other litigation support (e.g. graphic designers and animators). All persons, other than those listed above in subsections (a), (d), and (f), who receive materials that have been designated merely as "CONFIDENTIAL" shall first be shown a copy of this Order and shall be required to execute the Confidentiality Agreement attached hereto as Exhibit A.

4. With respect to all documents and things produced by a party to this action for inspection and copying that are designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by the producing party, the documents and things, and the information contained therein, shall be kept confidential, and except as noted in paragraphs 5-7 hereof, may be disclosed by the

- 3 -

recipient thereof only to: (a) Outside Litigation Counsel, and their authorized secretarial, clerical, and legal-assistant staff; (b) outside consultants and experts (including their staff), subject to the provisions of paragraph 7; (c) the Court and Court personnel, subject to paragraph 8; (d) court reporters employed in connection with this litigation; and (e) outside copying and computer services necessary for document handling and other litigation support (e.g. graphic designers and animators). Moreover, any information (including that from inspection, measuring, surveying, photographing, testing, or sampling) gathered by a party during a permitted entry upon designated land or other property in the possession or control of another party shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such documents and things, and the information contained therein, *shall be received and used only for purposes related to this action, unless the producing party expressly consents in writing to another use.* Furthermore, such documents and things, and the information contained therein, may not be used in, or to form the basis for, any other litigation or administrative proceeding and may not be used for promotional, competitive, or any other purposes.

5. In the event Outside Counsel for either party determines that disclosure of another party's "Confidential-Attorneys' Eyes Only" information to a Party Representative is critical to the adequate representation of that party, counsel shall submit a request to counsel for the designating party, setting forth the information to be disclosed and the reasons disclosure is critical. Upon receipt of such a request, counsel for the designating party shall promptly confer in good faith with counsel for the requesting party to determine whether an agreement can be reached. Subject to any contrary Court order, the designating party's response to the subject request shall be final and binding on the requesting party.

6.      If depositions are conducted in this action during which information considered to be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is properly referenced, identified, marked as an exhibit or otherwise disclosed, the transcripts, exhibits thereto, and any other record of the deposition may be designated and treated in the same manner as any documents and things otherwise subject to this Order. The portions of depositions involving "CONFIDENTIAL" information or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information will be taken with no one present except outside counsel, the reporter, the deponent, and such other persons as would be allowed to receive the information under paragraphs 3, 4, and 5 above, as the case may be. Counsel also shall have fourteen (14) days after receipt of a non-draft deposition transcript to designate, in good faith, specific portions (i.e. pages) thereof as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." From the date of the deposition until expiration of such period, the entire deposition will be treated as subject to protection against disclosure as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order. If any deposition testimony designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is filed with the Court, it shall be filed under seal, shall be marked with reference to this Stipulated Protective Order, and shall not be opened or viewed by anyone other than Court personnel, except upon order of this Court.

7.      Documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the information contained in such documents and things, and deposition testimony and transcripts relating to such documents and things may be disclosed to any expert for the parties whom the party retains solely for purposes of this litigation, whether as a consulting or testifying expert. Prior to disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, any consulting or testifying

expert receiving information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be provided with a copy of this Stipulated Protective Order and shall execute the Confidentiality Agreement attached hereto as Exhibit A.

8. Unless otherwise stipulated by the parties in writing, in the event a party wishes to submit any information identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the Court, such information must be filed under seal and may not be filed electronically.

9. Copies of documents may be provided in masked form if the masking serves to redact: (a) information protected by the attorney-client privilege; (b) information protected by the work-product doctrine; (c) "special categories of personal data" protected under the BDSG—namely, information on racial or ethnic origin, political opinions, religious or philosophical beliefs, trade-union membership, health, or sex life; or (d) private or personal communications protected by the TKG. If documents are provided in masked form by a party, that party shall also provide to the receiving party a log generally identifying the information masked and stating the purpose for the masking. The receiving party may take issue with the masking of the identified information by filing an appropriate motion with the Court.

10. Information identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order may be disclosed in testimony, in hearings, or at the trial of this action or may be entered into evidence at hearings or at the trial of this action, subject to the applicable provisions of the Federal Rules of Evidence and any further Order that this Court may enter.

11. Acceptance by a party of any information, document, or thing identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder shall not

constitute a concession that the information, document, or thing is confidential or a trade secret or that it has been properly designated as such.

12. Unless otherwise ordered by the Court, documents or other information identified by any party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all copies thereof, shall, within 60 days after conclusion of this action by settlement, judgment without appeal, or issuance of a final mandate on appeal, either be: (1) returned to the Party producing such documents, transcripts or information; or (2) destroyed. The producing party shall inform the receiving party whether the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" should be returned or destroyed. If destroyed, such destruction of all such designated materials shall be certified in writing to the producing party. Notwithstanding the foregoing, one outside counsel of record for each party may keep one copy of papers served upon opposing counsel or filed with the Court, expert reports, and deposition transcripts that refer to or incorporate "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

13. Any party shall have the right to challenge any designation by seeking an order of the Court with respect to any information, documents, or things designated by the producing party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." In any such proceeding, the producing party shall have the burden of establishing the need for maintaining such designation. Before seeking any relief from the Court under this paragraph, the parties shall confer in good faith to resolve any disputes concerning the treatment of any such information.

14. If through inadvertence, error, or oversight, a party or non-party fails to properly designate a document, tangible thing, or information as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of production or disclosure, that producing party or non-party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall provide properly designated copies of the particular document(s), tangible thing(s), or information that have been reclassified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Thereafter, the receiving party shall return or destroy all clean, unmarked copies of the document; shall mark all other copies with the proper designation; and shall otherwise treat such document(s), tangible thing(s), or information in the same manner as if it had been properly designated or classified originally. Furthermore, any party who has received such re-classified information and has not agreed to be bound by this Stipulated Protective Order shall execute a statement (Exhibit "A") averring that they have read and understand this Stipulated Protective Order and agree to be bound by its terms. The receiving party shall have ten (10) business days from the receipt of such notice of reclassification to object to such reclassification in writing. Upon such an objection being timely made, this Court shall determine whether such material can properly be reclassified. In any such proceeding, the producing party shall have the burden of establishing the need for reclassification. Until such a ruling is made by this Court, the receiving party shall treat such document(s), tangible thing(s), or information in the same manner as if it initially had been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

15. If a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Stipulated Protective Order with respect to any confidential information provided to the parties by so advising all parties to this action in writing. Any such non-party shall have standing to appear in this action in order to file motions and oppose motions, as necessary, to protect the non-party's rights under this Order.

16. Nothing in this Stipulated Protective Order shall:

(a) Limit a receiving party's use of: (1) documents and information obtained through avenues other than discovery in this action, or (2) documents obtained through discovery in this action that subsequently become publicly available through no fault of the receiving party.

(b) Limit the right of the producing party to disclose its own confidential information, such disclosure not being subject to the protective procedures set forth in this Stipulated Protective Order. Such disclosure shall not result in waiving the claimed confidentiality (except to the extent the disclosure makes the confidential information a matter of public record).

(c) Limit, expand, or restrict any party or non-party's right: (1) to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action; or (2) seek additional protection pursuant to the Federal Rules of Civil Procedure.

(d) Limit or restrict any party or non-party's right to attach to, or incorporate the content of, any confidential information in any paper filed with the Court, so long as said party or non-party complies with the provisions of paragraph 8 of this Stipulated Protective Order.

(e) Bar or otherwise prevent any attorney herein from rendering legal advice to his or her client that is based on the attorney's examination or knowledge of "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" provided, however, that in rendering such legal advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents or source of any "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION –

ATTORNEYS' EYES ONLY" including to any person not authorized to receive such information under the terms of the various provisions of this Stipulated Protective Order. Violations of this Stipulated Protective Order shall be subject to the contempt powers of the Court and such other sanctions as the Court may deem appropriate.

17. If a producing party, through inadvertence, error, or oversight, produces any document(s) or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work-product immunity, or any other privilege or immunity from production, such production shall not be deemed a waiver, and the producing party may give written notice to all receiving parties that the document(s) or information so produced is deemed privileged and that the return of the document(s) or information is requested. Upon receipt of such written notice, all receiving parties shall immediately undertake to gather and return the original, and all such copies, to the producing party, and shall promptly destroy any newly created derivative document, such as a summary of, or comment on, the inadvertently produced information. Return of such document(s) or information to the producing party shall not preclude any receiving party from later moving to compel production of the returned document(s) or information, but the motion shall not assert as a ground for production the fact or circumstances surrounding the inadvertent production.

18. If any party is served with a subpoena or other judicial process demanding the production or disclosure of any "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION–ATTORNEYS' EYES ONLY" materials, the party receiving the subpoena or other third party judicial process shall, unless otherwise prohibited by law, provide the other party with a copy of such subpoena or other judicial process within seven (7) days following receipt thereof.

19. This proposed Stipulated Protective Order shall be in effect upon execution by counsel of the parties hereto. The parties agree to be bound by the terms of this proposed Stipulated Protective Order pending its adoption or modification by the Court. The Court shall retain jurisdiction to resolve any dispute concerning the dissemination or use of information disclosed hereunder.

20. After termination of this action, this Stipulated Protective Order shall continue to be binding upon the parties hereto and all persons to whom "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" has been disclosed or communicated.

21. This Stipulated Protective Order may be modified only if: (1) the parties memorialize their agreement to modify the Stipulated Protective Order in a written document that is signed by all parties and subsequently approved by this Court; or (2) upon separate Order of this Court.

[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

Dated: October 17, 2011
New York, New York

DUANE MORRIS, LLP

By: /s/ John Dellaportas / with permission AL
John Dellaportas

1540 Broadway
New York, New York 10036
Phone: (212) 692-1012
Fax: (212) 692-1020
Email: Dellajo@duanemorris.com

–and–

BAILEY & GLASSER, LLP

By: /s/ Jeffrey R. Baron / with permission AL
Scott O. Helmholz
Jeffrey R. Baron

Old North Old State Capitol Plaza, Suite 560
Springfield, Illinois 62701
Phone: (217) 528-1177
Fax: (217) 528-1198
E-mail: shelmholz@baileyglasser.com
E-mail: jbaron@baileyglasser.com

*Attorneys for Plaintiff Interocean Coal Sales, LDC*

ALSTON & BIRD LLP

By: /s/ Mark Vasco
Mark Vasco
Alexander S. Lorenzo

90 Park Avenue
New York, New York 10016
Phone: (212) 210-9400
Fax: (212) 210-9444
Email: alexander.lorenzo@alston.com

–and–

101 S. Tryon St., Suite 400
Charlotte, North Carolina 28280
Phone: (704) 444-1000
Fax: (704) 444-1111
Email: mark.vasco@alston.com

*Attorneys for Defendants Evonik Trading GmbH and Evonik Steag GmbH n/k/a STEAG GmbH*

SO ORDERED this 19th day of October, 2011.

/s/ Naomi Reice Buchwald
Hon. Naomi Reice Buchwald
United States District Judge

- 12 -

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
INTEROCEAN COAL SALES, LDC,

                Plaintiff,

  -against-                              11 Civ. 0940 (NRB)

EVONIK TRADING GMBH, et al.,

                Defendants.
----------------------------------------------------------------- X

I, the undersigned, being duly sworn, state and agree as follows:

My address is:


I have received a copy of the Stipulated Protective Order in this action; I have carefully read and understand the provisions of the Stipulated Protective Order; and I agree to comply with, and to be bound by, its terms.

I will hold in confidence, not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, materials that are disclosed to me that have been marked or designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

I will immediately return all materials that may come into my possession, custody, or control that are marked or designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all documents or things which I may prepare relating thereto, to counsel for the party producing such materials upon receipt of a request to do so at the conclusion of the action.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order against me in this action, and understand that I may be found in contempt of court or liable for other sanctions the Court deems appropriate if I violate this Agreement.

I understand and agree that my obligations under this Certification and Agreement and the Stipulated Protective Order will survive and continue beyond the termination of the action.

Subscribed and sworn to before me, a notary public, this ___ day of _____, 20___.    Signature

Notary Public                                Printed Name