UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
INTEROCEAN COAL SALES, LDC,          :
                                     :
                    Plaintiff,       :
                                     :
        v.                           :    Case No: 11 Civ. 0940 (NRB)
                                     :
EVONIK TRADING GMBH and EVONIK STEAG :
GMBH,                                :
                                     :
                    Defendants.      :
                                     :
------------------------------x

## APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

1. Defendants Evonik Trading GmbH ("Evonik Trading") and Evonik Steag GmbH (collectively now known as STEAG GmbH) ("Steag"), by their attorneys, Bryan Cave LLP, submit this application for the issuance of a Letter of Request to the High Court of Justice of England, Royal Courts of Justice, Strand, London WC2A 2LL, for the purpose of obtaining documents and deposition testimony from Tony Franco ("Mr. Franco"), a resident of Surrey, United Kingdom.

2. This application is made pursuant to 28 U.S.C. § 1781, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention on Evidence"), and this Court's inherent authority.

3. Attached hereto as Exhibit A is a Request for International Judicial Assistance pursuant to the Hague Convention on Evidence ("Letter of Request") addressed to the High Court of Justice of England for the purpose of obtaining evidence to be used in this matter from

68143.2

non-party Mr. Franco, who was formerly employed by Plaintiff Interocean Coal Sales, LDC ("Plaintiff") or an affiliate of Plaintiff, and who currently resides in the United Kingdom.

4. During a pre-motion conference on March 1, 2011, this Court denied Plaintiff's request for leave to immediately file a motion for summary judgment and ordered the parties to first complete targeted discovery within ninety (90) days concerning the coal-sales contract between Plaintiff and Evonik Trading dated May 20, 2008 (the "Contract"), which is the subject matter of this action. The Court further instructed Plaintiff's counsel to seek Mr. Franco's consent to voluntarily appear for a deposition in London during the 90-day discovery period.

5. Plaintiff's counsel reached out to Mr. Franco but was unable to secure Mr. Franco's voluntary appearance for a deposition at a time and place that worked for all of the parties and suggested that Defendants coordinate with Mr. Franco directly. A representative of Steag has been in contact with Mr. Franco but Mr. Franco has not yet offered any dates for a voluntary deposition in this matter and has not responded to communications from counsel for Steag. Given the uncertainty of a voluntary deposition, Steag seeks judicial assistance to compel Mr. Franco's testimony during the targeted discovery period. Because Mr. Franco is a resident of the United Kingdom and a non-party, the Letter of Request provides the only means of compelling discovery from him.

6. Steag seeks to depose Mr. Franco because he was Plaintiff's principal representative in the negotiations with Evonik Trading that preceded the Contract. Steag expects that Mr. Franco will provide testimony and documents relevant to the parties' negotiations and understanding with respect to critical terms of the Contract.

68143.2

7. Steag asks the Court to grant this Application and issue the proposed Letter of Request directed to the High Court of Justice of England, which is the United Kingdom authority with the power to request evidence from Mr. Franco.

8. Steag has prepared the attached Letter of Request requesting deposition testimony from Mr. Franco relating to the Contract. *See* Exhibit 1, Schedule A. The Hague Convention on Evidence provides for discovery from foreign individuals who are non-parties through devices such as oral depositions. A Letter of Request is one method that can be employed to seek evidence from a non-party located outside the United States. The Hague Convention on Evidence provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." *See* Hague Conv. on Evid., Art. 1. The United States and the United Kingdom are signatories (Contracting States) to the Hague Convention on Evidence.

9. Article 2 of the Hague Convention on Evidence provides as follows:

> A Contracting State shall designate a Central Authority which will undertake to receive Letters of Request coming from a judicial authority of another Contracting State and to transmit them to the authority competent to execute them. Each State shall organize the Central Authority in accordance with its own law.
>
> Letters shall be sent to the Central Authority of the State of execution without being transmitted through any other authority of that State.

10. Article 27 further provides as follows (emphasis added):

> *The provisions of the present Convention shall not prevent a Contracting State from –*
>
> *a) declaring that Letters of Request may be transmitted to its judicial authorities through channels other than those provided for in Article 2;*

3

    b) permitting, by internal law or practice, any act provided for in this Convention to be performed upon less restrictive conditions;

    c) permitting, by internal law or practice, methods of taking evidence other than those provided for in this Convention.

  11. The United States Department of State's website states that, in accordance with Article 27 of the Hague Convention on Evidence, the United Kingdom permits letters of request to be sent to a British solicitor as agent for counsel seeking the Letters of Request, and upon receipt, the British solicitor may make an application to the British court for execution of the request. *See* http://travel.state.gov/law/judicial/judicial_671.html ("Foreign counsel may hire a British solicitor as his agent. In that case the solicitor should be sent the letter of request directly and may then apply for a commission from the British court to take the testimony of the witness."). The undersigned counsel has confirmed with an attorney in the London office of Bryan Cave LLP, Mathew Rea, Esq. ("Mr. Rea"), who is familiar with the process for obtaining evidence abroad, that the United Kingdom permits Letters of Request to be transmitted in the manner described by the Department of State.

  12. As permitted by the relevant authorities, Steag requests that this Court issue the proposed Letter of Request directly to the undersigned counsel for Steag rather than transmitting the Letter of Request to the authorities in the United Kingdom. Steag submits that the requested procedure will reduce the time required for execution, which is an important consideration in light of this Court's Scheduling Order.

  13. In conclusion, Steag seeks deposition testimony from Mr. Franco for use as evidence in this action. In view of the Hague Convention on Evidence as well as Steag's pressing need for the evidence sought in defending against Plaintiff's claim for breach of the Contract, Steag respectfully requests that the Court execute and issue the attached Letter of

Request. To expedite the process in light of the Court's 90-day targeted discovery deadline, Steag requests that the Court issue the Letter of Request to the undersigned counsel for Steag, who will then transmit the Letter of Request to Mr. Rea in London, who has agreed to serve as Steag's British counsel. Mr. Rea will, in turn, arrange for service and execution of the Letter of Request with the courts in the United Kingdom.

14. Plaintiff has no objection to the filing of an application for a letter of request for Mr. Franco's deposition, and the parties, pursuant to a court-ordered confidentiality agreement, have agreed to redact the business-sensitive portions of the exhibits attached to the proposed letter of request.

Respectfully submitted this 2nd day of April, 2012

**BRYAN CAVE LLP**

/s/ Scott H. Kaiser
Scott H. Kaiser
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 541-2000
Facsimile: (212) 541-4630
scott.kaiser@bryancave.com

-and-

Mark Vasco
One Wells Fargo Center
301 South College Street, Suite 3300
Charlotte, North Carolina 28202
Telephone: (704) 749-8930
Facsimile: (704) 749-8990
mark.vasco@bryancave.com

68143.2