UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x

INTEROCEAN COAL SALES, LDC,

                Plaintiff,

v.

EVONIK TRADING GMBH and EVONIK STEAG GMBH,

                Defendants.

---------------------------------- x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/2012
```

Case No: 11 Civ. 0940 (NRB)

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK PRESENTS ITS COMPLIMENTS TO THE HIGH COURT OF JUSTICE IN ENGLAND AND REQUESTS INTERNATIONAL JUDICIAL ASSISTANCE TO GATHER EVIDENCE IN THE UNITED KINGDOM TO BE USED BEFORE THIS COURT IN THE ABOVE CAPTIONED CIVIL MATTER. THIS COURT REQUESTS THE ASSISTANCE DESCRIBED HEREIN AS NECESSARY IN THE INTERESTS OF JUSTICE:

| 1. | Sender: | Bryan Cave LLP<br>Mark Vasco, Esquire<br>One Wells Fargo Center<br>301 South College Street, Suite 3300<br>Charlotte, North Carolina 28202<br>Telephone: (704) 749-8930<br>Facsimile: (704) 749-8990<br>mark.vasco@bryancave.com<br><br>-and-<br><br>Mathew Rea, Esquire<br>88 Wood Street |
|----|---------|---|

SF01DOCS\67540.2

|   |   |   |
|---|---|---|
|   |   | London EC2V 7AJ<br>England<br>Telephone: 44 20 3207 1203<br>Facsimile: 44 20 3207 1881<br>*Attorneys for Defendants* |
| 2. | Central Authority of Requested State: | Senior Master<br>Queen's Bench Division<br>High Court of Justice<br>Royal Courts of Justice<br>Strand, London WC2A 2LL |
| 3. | Person to whom the executed request is to be returned: | Office of the Clerk<br>United States District Court for the Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl Street<br>New York, New York 10007-1312 |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request: | |
|   | Date: | 11 May 2012 |
|   | Reason for Urgency: | This Letter of Request is submitted in an expedited manner in view of an order from the United States District Court for the Southern District of New York to complete targeted discovery by 1 June 2012, pertaining to a certain coal-sales contract between the parties that is the subject matter of this action. |
| 5. | In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request: | |
|   | Requesting judicial authority: | Office of the Clerk<br>United States District Court for the Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl Street<br>New York, New York 10007-1312 |
|   | To the competent authority of: | United Kingdom |
|   | Names of the case and any identifying number: | Interocean Coal Sales, LDC v. Evonik Trading GmbH and Evonik Steag GmbH<br>Case No. 11 Civ. 0940 (NRB) |
| 6. | Names and addresses of the parties and their representatives | |

|   | a. Plaintiff: | **Interocean Coal Sales, LDC**<br>1000 Urban Center Drive, Suite 300<br>Vestavia Hills, AL 35242<br><br>**Representatives:**<br>Bailey & Glasser LLP<br>Scott Helmholz, Esq.<br>One North Old State Capitol Plaza, Suite 560<br>Springfield, IL 62701<br><br>Duane Morris LLP<br>John Dellaportas, Esq.<br>1540 Broadway<br>New York, NY 10036-4086 |
|---|---|---|
|   | b. Defendant: | **Evonik Trading GmbH and Evonik Steag GmbH**<br>(collectively now known as STEAG GmbH)<br>Rüttenscheider Str. 1-3<br>45128 Essen, Germany<br><br>**Representatives**:<br>Bryan Cave LLP<br>Mark Vasco, Esquire<br>One Wells Fargo Center<br>301 South College Street, Suite 3300<br>Charlotte, North Carolina 28202<br><br>-and-<br><br>Mathew Rea, Esquire<br>88 Wood Street<br>London EC2V 7AJ, England<br>Telephone: 44 20 3207 1203<br>Facsimile: 44 20 3207 1881<br>mathew.rea@bryancave.com |
| 7. | Nature and purpose of the proceedings and summary of the facts: |   |

This is a civil lawsuit proceeding in the United States District Court for the Southern District of New York ("the district court"). Plaintiff, Interocean Coal Sales, LDC ("Plaintiff"), is a limited duration company organized and existing under the laws of the Cayman Islands, with its principal place of business in Alabama, United States. Plaintiff is a subsidiary of Drummond Company, Inc. ("Drummond"), which is also based in Alabama. Defendants Evonik Trading GmbH and Evonik Steag GmbH (collectively now known as STEAG GmbH) ("Defendants" or "Steag") are German corporations having a principal place of business in Essen, Germany.

Plaintiff and Evonik Trading GmbH ("Evonik Trading") entered into a coal-sales agreement on May 20, 2008 (the "Contract"), which provided that Plaintiff would supply approximately 1.2 million metric tons of steam coal from Drummond's Colombian mines to Evonik Trading in multiple shipments in 2009 and 2010. Section 3 of the Contract contained certain specifications as to the chemical and material quality of the coal to be delivered, including a specification that the total sulfur content would be between 0.6% and 0.8% on an as-received basis. Section 3 further provided:

> In the event Coal delivered has any substantial deviation on any quality parameter and this deviation prevents its use in power stations, Buyer and Seller shall enter into immediate good faith negotiation to establish an appropriate solution, in the spirit of damage mitigation.

In June 2010, Plaintiff shipped coal to Evonik Trading that contained only 0.44% total sulfur. Because of the low sulfur quality, the June 2010 shipment could not be used in Defendants' German power stations unless it was blended with higher sulfur coal. Evonik Trading objected to the non-conforming sulfur quality, requested a meeting between the parties under § 3 of the Contract, and requested compensation from Plaintiff for the cost of blending the low sulfur coal. Plaintiff refused, claiming that the 0.6% sulfur specification was not a firm minimum and that it was not obligated to negotiate under § 3 of the Contract after delivery of the cargo. Accordingly, Evonik Trading withheld approximately $2.48 million of the Contract price from its subsequent payment to account for blending costs. On 10 February 2011, Plaintiff filed suit against Defendants and two of their former affiliates, which have since been dismissed from the lawsuit, for nonpayment of the $2.48 million. Steag denies any liability.

The parties commenced discovery in September 2011 and have begun gathering and exchanging documents relevant to the lawsuit. In February 2012, before any depositions had been taken and before the parties had completed their exchange of documents, Plaintiff sought leave from the district court to file a motion for summary judgment. The district court denied Plaintiff's request as premature based in part on Defendants' stated need to gather evidence from Tony Franco ("Mr. Franco"), who was Plaintiff's principal representative in the negotiations with Evonik Trading that preceded the Contract. Steag believes that Mr. Franco has relevant information concerning those negotiations and the parties' intent and understanding with respect to § 3 of the Contract. Accordingly, Steag seeks to examine Mr. Franco with respect to his recollection of those negotiations and any other communications he may have had with Evonik Trading or Plaintiff regarding sulfur quality. Steag intends to use this evidence from Mr. Franco to defend against Plaintiff's breach of contract claim.

| 8. | Evidence to be obtained or other judicial act to be performed:: | It is requested that Tony Franco, an individual formerly employed by Plaintiff or an affiliate of Plaintiff and residing in London, submit to examination on the subject matter identified in item 10 below. |

| 9. | Identity and address of person from which evidence is sought: | Mr. Tony Franco<br>36 Hanger Hill<br>Weybridge, Surrey KT13 9YD<br>United Kingdom |
|---|---|---|
| 10. | Statement of the subject matter about which he is to be examined: | Please see attached list, Schedule A. |
| 11. | Documents or other property to be produced: | None requested. |
| 12. | Any requirement that the evidence be given on oath or affirmation and any specific form to be used: | Steag requests that the examination of Mr. Franco be conducted under oath or affirmation. |
| 13. | Special methods or procedures to be followed: | Pursuant to Article 9 of the Convention, Steag requests that Nigel Jacobs QC of Quadrant Chambers (contact information below) be appointed as examiner for the deposition. Steag further requests that the parties' representatives identified in item 6 above be permitted to attend and that Mark Vasco, counsel for Steag, be permitted to direct questions to Mr. Franco. Steag requests that the examination of Mr. Franco be recorded by stenographic and videographic means.<br><br>Nigel Jacobs QC<br>Quadrant House<br>10 Fleet Street<br>London EC4Y 1AU<br>Telephone: 44 (0)20 7583 4444<br>Facsimile: 44 (0)20 7583 4455<br>nigel.jacobs@quadrantchambers.com |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified: | Steag requests that its representative identified below be notified of the time and place for the execution of the Request:<br>Mark Vasco<br>Bryan Cave LLP<br>One Wells Fargo Center<br>301 South College Street, Suite 3300<br>Charlotte, North Carolina 28202<br>Telephone: (704) 749-8930<br>Facsimile: (704) 749-8990<br>mark.vasco@bryancave.com |
| 15. | Request for attendance or participation of judicial | None. Steag requests that the examination be conducted by Nigel Jacobs QC and a representative of |

|     | | |
| --- | --- | --- |
|     | personnel of the requesting authority at the execution of the Letter of Request: | Steag, the party seeking execution of these Letters of Request. The examination will not be conducted by judicial personnel of the requesting judicial authority. |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin: | Mr. Franco may refuse to answer questions that would disclose a confidential communication between him and his attorney(s). |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | Bryan Cave LLP<br>One Wells Fargo Center<br>301 South College Street, Suite 3300<br>Charlotte, North Carolina 28202 |
|     | Date of Request: | April __, 2012 |
|     | Signature and seal of the requesting authority: | _[signature]_<br>The Honorable Naomi R. Buchwald<br>United States District Judge for the Southern District of New York |

Attachments:   Statement of the Subject Matter About Which Mr. Tony Franco is to be Examined (Schedule A)