IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTEROCEAN COAL SALES, LDC,<br><br>Plaintiff,<br><br>v.<br><br>EVONIK TRADING, GmbH, an alien Corporation, and EVONIK STEAG GmbH, an alien corporation,<br><br>Defendants. | Case No. 11-CV-0940-NRB<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 4/30/2012 |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK PRESENTS ITS COMPLIMENTS TO THE HIGH COURT OF JUSTICE IN ENGLAND AND REQUESTS INTERNATIONAL JUDICIAL ASSISTANCE TO GATHER EVIDENCE IN THE UNITED KINGDOM TO BE USED BEFORE THIS COURT IN THE ABOVE CAPTIONED CIVIL MATTER. THIS COURT REQUESTS THE ASSISTANCE DESCRIBED HEREIN AS NECESSARY IN THE INTERESTS OF JUSTICE:

| 1. | Sender: | Scott Helmholz, Esq.<br>Bailey & Glasser LLP<br>One North Old State Capitol Plaza, Suite 560<br>Springfield, IL 62701<br>Telephone: (217)528-1177<br>Facsimile: (217) 528-1198<br>shelmholz@baileyglasser.com<br><br>and<br><br>Jonathan Cohen<br>Duane Morris MNP |

|   |   |   |
|---|---|---|
|   |   | 10 Chiswell Street, 2nd Floor<br>London, UK EC1Y 4UQ<br>Telephone: +44 20 7786 2142<br>Facsimile: +44 20 7900 6597<br>JSCohen@duanemorris.com<br>*Attorneys for Plaintiff* |
| 2. | Central Authority of Requested State: | Senior Master<br>Queen's Bench Division<br>High Court of Justice<br>Royal Courts of Justice<br>Strand, London WC2A 2LL |
| 3. | Person to whom the executed request is to be returned: | Office of the Clerk<br>United States District Court for the Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl Street<br>New York, New York 10007-1312 |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request: |   |
|   | Date: | 11 May 2012 |
|   | Reason for Urgency: | This Letter of Request is submitted in an expedited manner in view of an order from the United States District Court for the Southern District of New York to complete targeted discovery by 1 June 2012, pertaining to a certain coal-sales contract between the parties that is the subject matter of this action. |
| 5. | In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request: |   |
|   | Requesting judicial authority: | Office of the Clerk<br>United States District Court for the Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl Street<br>New York, New York 10007-1312 |
|   | To the competent authority of: | United Kingdom |

2

| | | |
|---|---|---|
| | Names of the case and any identifying number: | Interocean Coal Sales, LDC v. Evonik Trading GmbH and Evonik Steag GmbH<br><br>Case No. 11 Civ. 0940 (NRB) |
| 6. | Names and addresses of the parties and their representatives: | |
| | a.  Plaintiff | **Interocean Coal Sales, LDC**<br>1000 Urban Center Drive, Suite 300<br>Vestavia Hills, AL 35242<br><br>**Representatives:**<br>Bailey & Glasser LLP<br>Scott Helmholz, Esq.<br>One North Old State Capitol Plaza, Suite 560<br>Springfield, IL 62701<br><br>Duane Morris LLP<br>John Dellaportas, Esq.<br>1540 Broadway<br>New York, NY 10036-4086<br><br>Duane Morris MNP<br>Jonathan Cohen<br>10 Chiswell Street, 2nd Floor<br>London, UK EC1Y 4UQ |
| | b.  Defendants: | **Evonik Trading GmbH and Evonik Steag GmbH**<br>(collectively now known as STEAG GmbH)<br>Ruttenscheider Str. 1-3<br>45128 Essen, Germany<br><br>**Representatives:**<br>Bryan Cave LLP<br>Mark Vasco, Esquire<br>One Wells Fargo Center<br>301 South College Street, Suite 3300<br>Charlotte, North Carolina 28202<br><br>Mathew Rea, Esquire<br>Bryan Cave LLP<br>88 Wood Street<br>London EC2V 7 AJ, England<br>Telephone: 44 20 3207 1203<br>Facsimile: 44 20 3207 1881 |

|   |   | mathew.rea@bryancave.com |
|---|---|---|
| 7. | Nature and purpose of the proceedings and summary of the facts: |   |

This is a civil lawsuit proceeding in the United States District Court for the Southern District of New York ("the district court"). Plaintiff, Interocean Coal Sales, LDC ("Interocean"), is a limited duration company organized and existing under the laws of the Cayman Islands, with its principal place of business in Alabama, United States. Interocean is a subsidiary of Drummond Company, Inc. ("Drummond"), which is also based in Alabama. Defendants Evonik Trading GmbH and Evonik Steag GmbH (collectively "Defendants") are German corporations having a principal place of business in Essen, Germany.

Interocean and Evonik Trading GmbH ("Evonik Trading") entered into a coal-sales agreement on May 20, 2008 (the "Contract"), which provided that Interocean would supply approximately 1.2 million metric tons of steam coal from Drummond's Colombian mines to Evonik Trading in multiple shipments in 2009 and 2010.

Defendant Evonik Trading contracted to purchase 1,200,000 metric tons ("mt") of coal at fixed prices per ton from Interocean for delivery in eight (8) shipments or cargoes during 2009-2010. The Contract contained certain numerical specifications for various components or chemical constituents of the coal known as "qualities." Although Defendants requested and obtained an express minimum specification for one quality component, it did not do so for "Total Sulphur as received" ("TS/AR"). The Contract merely stated that the "typical range" of the TS/AR would be between 0.6% and 0.8% and Defendants had a right to reject the cargo if the TS/AR was above 1.0%.

In May 2010, Drummond Ltd. loaded a cargo ship with cargo reporting 0.44% TS/AR. Evonik Trading accepted and paid in full for that cargo. Evonik Trading never made any claim that the cargo did not conform to the contractual sulphur specification. In June 2010, Drummond loaded another cargo ship with cargo reporting 0.44% TS/AR. Evonik Trading paid in full for that cargo on July 1, 2010, with actual knowledge of its 0.44% sulphur content.

On July 20, 2010, Evonik Trading claimed for the first time that the latter cargo did not conform to the Contract's sulphur specifications. On August 4, 2010, an attorney at Evonik Industries' U. S. affiliate wrote to Interocean claiming the 0.44% sulphur content "substantially deviates from the agreed quality parameters as set forth in the Agreement . . . which prevents its use in power stations." The parties met in London on September 1, 2010, to discuss Evonik Trading's sulphur grievance. Interocean rejected Evonik Trading's claims and asked for "supporting confirmation" and "technical background" to support its grievance. Evonik Trading never furnished a response.

On November 17, 2010, Evonik Trading notified Interocean that its damages amounted to $2,479,271.98 and that it intended to withhold that amount against payment unquestionably due

4

on a fully-conforming subsequent shipment. Evonik Trading withheld approximately $2.48 million of the Contract price from its subsequent payment to allegedly account for blending costs. On 10 February 2011, Interocean filed suit against Defendants and two of their former affiliates for nonpayment of the $2.48 million.

The parties commenced discovery in September 2011 and have begun gathering and exchanging documents relevant to the lawsuit. In February 2012, Interocean sought leave from the district court to file a motion for summary judgment. The district court denied Interocean's request as premature based in part on Defendants' stated need to gather evidence from Tony Franco ("Mr. Franco"), who was Interocean's principal representative in the negotiations with Evonik Trading that preceded the Contract. Defendants contend that Mr. Franco has relevant information concerning those negotiations and the parties' intent and understanding with respect to the terms of the Contract. Accordingly, the parties seek to examine Mr. Franco with respect to his recollection of those negotiations and any other communications he may have had with Evonik Trading or Interocean regarding quality components listed in the contract including sulphur quality. Interocean intends to use this evidence from Mr. Franco to prosecute its breach of contract claim.

| 8. | Evidence to be obtained or other judicial act to be performed: | It is requested that Tony Franco, an individual formerly employed by Plaintiff or an affiliate of Plaintiff and residing in London, submit to examination on the subject matter identified in item 10 below. |
|---|---|---|
| 9. | Identity and address of person from whom evidence is sought: | Mr. Tony Franco<br>36 Hanger Hill<br>Weybridge, Surrey KT13 9YD<br>United Kingdom |
| 10. | Statement of the subject matter about which he is to be examined: | Please see attached list, Schedule A. |
| 11. | Documents or other property to be produced: | None requested. |
| 12. | Any requirement that the evidence be given on oath or affirmation and any specific form to be used: | Interocean requests that the examination of Mr. Franco be conducted under oath or affirmation. |
| 13. | Special Methods or procedures to be followed: | Pursuant to Article 9 of the Convention, Steag requested that Nigel Jacobs QC of Quadrant Chambers (contact information below) be appointed as examiner for the deposition. Interocean does not object to that request. Interocean requests that the parties' representatives identified in item 6 above be permitted to attend and that Scott Helmholz, counsel for Interocean, be permitted to direct questions to Mr. Franco. |

|    |    |    |
|----|----|----|
|    |    | Interocean requests that the examination of Mr. Franco be recorded by stenographic and video graphic means. |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified: | Interocean requests that its representative identified below be notified of the time and place for the execution of the Request:<br><br>Scott Helmholz, Esq.<br>Bailey & Glasser LLP<br>One North Old State Capitol Plaza, Suite 560<br>Springfield, IL 62701<br>Telephone: (217)528-1177<br>Facsimile: (217) 528-1198<br>shelmholz@baileyglasser.com |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request: | None. Interocean requests that the examination be conducted by Nigel Jacobs QC and a representative of Interocean, the party seeking execution of this Letter of Request. The examination will not be conducted by judicial personnel of the requesting judicial authority. |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin: | Mr. Franco may refuse to answer questions that would disclose a confidential communication between him and his attorney(s). |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | Bailey & Glasser LLP<br>One North Old State Capitol Plaza, Suite 560<br>Springfield, IL 62701 |
|    | Date of Request: | April 27, 2012 |
|    | Signature and seal of the requesting authority: | *[signature]*<br>The Honorable Naomi R. Buchwald<br>United States District Judge for the<br>Southern District of New York |

Attachments: Statement of the Subject Matter About Which Mr. Tony Franco is to be Examined (Schedule A)

6

# SCHEDULE A

## Statement of the Subject Matter About Which
## Mr. Tony Franco Is To Be Examined

1.  Communications[1] between Mr. Tony Franco ("Mr. Franco"), on the one hand, and Mr. Klaus Bittmann ("Mr. Bittmann") or any other representative of Evonik Trading GmbH ("Evonik Trading") or Evonik Steag GmbH (collectively, with Evonik Trading, "Defendants"), on the other hand, concerning the terms of the 20 May 2008 coal sales agreement (the "Contract") between Interocean Coal Sales, LDC ("Interocean") and Evonik Trading, including but not limited to § 3 of the Contract concerning the quality parameters of the coal to be delivered and the parties' rights and obligations in the event of deviations from same. A copy of the Contract is attached hereto as Exhibit 1. This evidence is relevant to the civil action for which the accompanying Letter of Request is made, *Interocean Coal Sales, LDC v. Evonik Trading GmbH and Evonik Steag GmbH*, Civil Action No. 11 Civ. 0940 (NRB), in the United States District Court for the Southern District of New York (the "Civil Action") because Interocean has sued Defendants for failure to pay the full contract price for a shipment of coal purchased from Interocean that Defendants contend did not conform to the specifications of the Contract. Defendants deny any liability under the Contract and contend that they properly reduced their payment for the nonconforming shipment. This evidence will assist the Court in understanding the parties' intent with respect to the Contract terms and the proper construction of the same. This evidence would be admissible at trial.

---

[1] For purposes of this Letter of Request, "communication" means the transmittal, exchange, transfer, or sharing of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, in writing, or otherwise, by any means whatsoever including, but not limited to, email, telephone, oral communication, face-to-face meeting, memorandum, letter, note, mail, facsimile transmission, telefax, or any other means.

1

2. The negotiations between Interocean (or any of its affiliates) and Defendants (or any of their affiliates) concerning the quality of coal to be delivered under the Contract. This evidence is relevant to the Civil Action for the same reasons that Request No.1 is relevant. This evidence would be admissible at trial.

3. All in-person meetings between Mr. Franco and any representative(s) of Defendants relating to the Contract. This evidence is relevant to the Civil Action for the same reasons that Request No.1 is relevant. This evidence would be admissible at trial.

4. The trade confirmations sent via telefax by Evonik Trading to Mr. Franco on 21 May 2008 and 28 May 2008 confirming the parties' agreement concerning coal to be purchased in 2009 and 2010. Copies of the trade confirmations are attached hereto as Exhibit 2. This evidence is relevant to the Civil Action for the same reasons that Request No.1 is relevant. This evidence would be admissible at trial.

5. Mr. Franco's communications with any representative of Defendants concerning the need for coal with a total sulfur content between 0.6% and 0.8%. This evidence is relevant to the Civil Action for the same reasons that Request No. 1 is relevant. This evidence would be admissible at trial.

6. Mr. Franco's communications with any representative of Defendants concerning the coal quality requirements of Defendants' power stations including, but not limited to, the Walsum 10 power station. This evidence is relevant to the Civil Action for the same reasons that Request No. 1 is relevant. This evidence would be admissible at trial.

7. The parties' respective performances under the Contract, including but not limited their "good faith negotiations" under § 3 of the Contract. This evidence is relevant to the Civil Action for the same reasons that Request No. 1 is relevant. This evidence would be admissible at

trial.